# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

COURTNEY D. GILLION,

Defendant-Appellant.

UNPUBLISHED
October 11, 2016

No. 327865
Macomb Circuit Court
LC No. 2014-004491-FC

Before: SAAD, P.J., and JANSEN and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Courtney D. Gillion, appeals by right the trial court's judgment of sentence entered after a jury found him guilty of armed robbery. See MCL 750.529. The trial court sentenced him as a fourth offense habitual offender, see MCL 769.12, to serve 25 to 40 years in prison. Because we conclude there were no sentencing errors that warrant relief, we affirm.

## I. BASIC FACTS

Gillion's conviction arises from the robbery of a Hungry Howie's Pizza restaurant in April 2014. The restaurant owner, Steve Kort, testified that he was alone in the restaurant at approximately 11:00 a.m., when Gillion entered the restaurant and asked for an employment application. Gillion wore a gray jogging suit. Kort gave him the application and went to the back of the store while Gillion remained at the counter to fill out the application. Minutes later Gillion approached Kort while wearing a black mask and demanded "[w]here's the money?" Kort observed "something red or orange" in Gillion's hand, which Kort perceived to be a knife. Gillion grabbed Kort's arm and led him to the front of the store. Kort did not resist because he "didn't want to get harmed."

After Kort opened the cash register, Gillion made Kort sit down and face the wall while he looked through the register. Gillion took $250. Gillion then either grabbed Kort or told him to stand up, and asked whether there was a safe with more money in it. When Kort told him that the store did not have a safe, Gillion led Kort to a bathroom, stating that he was going to search the store himself. Kort could not see what was happening outside the bathroom, but he soon heard the door buzzer, indicating that someone had either entered or exited the store. Kort left the bathroom, found that he was alone in the store, and called the police department.

-1-

Kort later identified Gillion in a photographic lineup. A gray sweatshirt and sweatpants, an orange pocket knife, and a black mask were found in an apartment across the street from the Hungry Howie's restaurant, where Gillion was known to stay. Gillion's fingerprints were found on the employment application and the knife.

## II. SENTENCING ERRORS

## A. OFFENSE VARIABLE 13

Gillion first argues that the trial court erred when it scored 25 points under Offense Variable (OV) 13. Gillion's trial lawyer waived this issue, however, by affirmatively agreeing that it was properly scored. See *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). The waiver extinguished any error and precludes appellate review of this issue. *Id.*

Gillion nevertheless argues that his trial lawyer's failure to object to the erroneous score amounted to ineffective assistance of counsel. In order to establish ineffective assistance of counsel, Gillion must show that his trial lawyer's failure to object fell below an objective standard of reasonableness under prevailing professional norms and that there is a reasonable probability that but for the error the result of the proceeding would have been different. *People v Gioglio (On Remand)*, 296 Mich App 12, 22; 815 NW2d 589 (2012), remanded for resentencing 493 Mich 864.

The trial court had to score 25 points under OV 13 if "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). When scoring OV 13 "all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a).

Gillion's current offense occurred in April 2014. Armed robbery, MCL 750.529, is classified as a "crime against a person." MCL 777.16y. The prosecutor argues that OV 13 was properly scored with 25 points because Gillion was charged with two counts of resisting and obstructing a police officer for offenses occurring in March 2010, even though the charges were dropped as part of a plea bargain. Resisting and obstructing a police officer, MCL 750.81d, is a crime against a person. MCL 777.16d. A sentencing court may consider charges that were dismissed if there is a preponderance of the evidence that the dismissed offense occurred. *People v Nix*, 301 Mich App 195, 205; 836 NW2d 224 (2013). The parties did not discuss or present evidence that Gillion had in fact committed the resisting offenses. For that reason, the trial court erred when it scored 25 points under OV 13 without sufficient evidence to find that he had committed those offenses.

Even though there was insufficient evidence on this record to support a score of 25 points, there was sufficient evidence to support a score of 10 points under OV 13. The trial court had to score ten points under OV 13 where "[t]he offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person *or property*" or certain controlled substance offenses, MCL 777.43(1)(d) (emphasis added). The author of Gillion's Presentence Investigation Report indicated that Gillion had been convicted of two counts of receiving and concealing a stolen motor vehicle for offenses occurring in March 2010. Receiving and concealing a stolen motor vehicle, MCL 750.535(7), is a crime against property.

MCL 777.16z. Because the armed robbery offense and the two receiving and concealing a stolen motor vehicle convictions are "a combination of 3 or more crimes against a person or property," that occurred within the five-year period, OV 13 should—at the least—have been scored at ten points. MCL 777.43(1)(d).

When OV 13 was scored with 25 points, Gillion's total OV score was 55, which placed his minimum sentence within the E-III cell; the recommended minimum sentence range for that cell is 126 to 210 months (10½ to 17½ years) in prison. MCL 777.62. Because he was a fourth habitual offender, the trial court enhanced his range to 126 to 420 months (10½ to 35 years) in prison. MCL 777.21(3)(c). If OV 13 had been scored with ten points, Gillion's total OV score would have been 40 points. With a total OV score of 40 points, his minimum sentence range would have remained in the E-III cell, and his recommended minimum sentence would not have changed. An error in scoring the sentencing guidelines that does not affect the total offense variable score enough to change the applicable sentencing guidelines range is harmless error. *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006). Because the scoring error was harmless, even if his trial lawyer's failure to object fell below an objective standard of reasonableness under prevailing professional norms, Gillion cannot show a reasonable probability that the result of the proceeding would have been different. *Gioglio*, 296 Mich App at 22. Gillion has not established a claim of ineffective assistance of counsel on the basis of his lawyer's failure to object to the scoring of OV 13.

## B. OFFENSE VARIABLES 1 AND 2

Gillion also argues that that the trial court erred when it scored 15 points under OV 1, and erred when it scored five points under OV 2. This Court reviews de novo the trial court's interpretation and application of the sentencing guidelines to the facts. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). This Court reviews for clear error the trial court's factual findings, which must be supported by a preponderance of the evidence. *Id.*

The trial court assessed 15 points under OV 1, which relates to the aggravated use of a weapon. MCL 777.31(1). The trial court had to score 15 points under this variable if Gillion pointed a firearm "at or toward a victim or the victim had a reasonable apprehension of an immediate battery when threatened with a knife or other cutting or stabbing weapon." MCL 777.31(1)(c). The trial court scored five points under OV 2, which relates to the lethal potential of a weapon possessed or used. MCL 777.32(1). The trial court had to score five points under OV 2 if Gillion "possessed or used a pistol, rifle, shotgun, or knife or other cutting or stabbing weapon." MCL 777.32(1)(d).

There was record evidence sufficient to establish by a preponderance of the evidence that Gillion possessed a knife or other cutting or stabbing instrument during the robbery and that he placed Kort in apprehension of an immediate battery by threatening Kort with the weapon. Kort testified that he perceived the object in Gillion's hand to be a knife. He further testified that he did not resist Gillion because he "didn't want to get harmed." While Gillion apparently did not orally threaten Kort with the knife, it reasonably can be inferred from Kort's testimony that, under the threatening circumstances of an armed robbery, the presence of the knife in Gillion's hand was sufficient to create a reasonable apprehension of an immediate battery. Furthermore,

the knife, with Gillion's fingerprints, was later found at an apartment where he was known to stay.

The trial court did not clearly err when it found facts supporting its scores under OV 1 and OV 2.

There were no sentencing errors that warrant resentencing.

Affirmed.

/s/ Henry William Saad
/s/ Kathleen Jansen
/s/ Michael J. Kelly