# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RASSOULL OMARI JAMES,

        Defendant-Appellant.

UNPUBLISHED
June 15, 2017

No. 331593
Wayne Circuit Court
LC No. 15-004256-01-FH

Before: MARKEY, P.J., and METER and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals by right his conviction following a bench trial of operating a vehicle while intoxicated, MCL 257.625(1)(c), and having two or more prior similar convictions, MCL 257.625(9)(c). The court sentenced defendant to three years' probation. We affirm.

At trial, George Brandau testified that he drove home from work on April 23, 2015. When Brandau was a little more than a mile from his home, he noticed that another vehicle was following him. Brandau pulled into the driveway of his home and the other vehicle followed and parked behind Brandau's car in the driveway. Defendant was the driver of the other vehicle. Defendant did not know Brandau, had no reason to go to Brandau's house, and did not get out of his vehicle after he entered the driveway. Brandau's wife called the police while Brandau remained in his vehicle. After the police arrived, they administered two field sobriety tests to defendant, which he failed. Testing revealed that defendant's blood-alcohol level was .32 grams per 210 liters of breath.

At the first hearing in circuit court, defendant was prepared to stand mute and waive reading of the information. However, the prosecutor had not yet received the case file, so the arraignment was not held. A formal arraignment was not conducted at any subsequent court hearing. Defendant later waived his right to a jury and opted for a bench trial, at which the court found him guilty of operating a vehicle while intoxicated.

## II. ARRAIGNMENT ON INFORMATION

Defendant first argues that his conviction must be vacated and the case dismissed because he was never properly arraigned on the information pursuant to MCR 6.113. Because defendant never sought dismissal or other relief below due to the lack of an arraignment, this issue is

-1-

unpreserved. We review unpreserved issues for plain error affecting the defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). An error is plain if it is clear or obvious, and an error affects substantial rights if it is prejudicial, i.e., if it affects the outcome of the proceedings. *Id*.; *People v Jones*, 468 Mich 345, 355; 662 NW2d 376 (2003).

Although the record supports defendant's claim that he was never formerly arraigned on the information, "[a] showing of prejudice is required to merit relief for the failure to hold a circuit court arraignment." *People v Nix*, 301 Mich App 195, 208; 836 NW2d 224 (2013), citing MCR 6.113(A). Defendant does not provide any basis for finding that he was prejudiced. The record discloses that he was prepared to waive a formal reading of the information and allow the trial court to enter a plea of not guilty on his behalf at the hearing on May 26, 2015, but he did not do so only because the prosecutor was not prepared for the hearing. No prejudice is evident from the record. Defendant's counsel was prepared for trial, and it is apparent that defendant had notice of the charge against him. Thus, the failure to conduct a proper arraignment did not affect defendant's substantial rights, and defendant is not entitled to relief on the basis of this issue.

### III. SUFFICIENCY OF THE EVIDENCE

Defendant also argues that the prosecution failed to present sufficient evidence to convict him of operating a vehicle while intoxicated. We review de novo a claim that the evidence was insufficient to support a defendant's conviction. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). "When ascertaining whether sufficient evidence was presented in a bench trial to support a conviction, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *People v Kanaan*, 278 Mich App 594, 618; 751 NW2d 57 (2008). The elements of a crime may be proved with circumstantial evidence and reasonable inferences arising therefrom. *Carines*, 460 Mich at 757.

Defendant was convicted under MCL 257.625(1)(c), which provides, in pertinent part:

> A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles . . . while . . . [t]he person has an alcohol content of 0.17 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine.

Defendant relies on *People v Burton*, 252 Mich App 130, 142; 651 NW2d 143 (2002), in which this Court held that the defendant could not be convicted of operating a vehicle while intoxicated where the intoxicated defendant was found behind the wheel of his vehicle at a golf course parking lot with his seatbelt fastened while the engine of the stationary vehicle running and the vehicle's transmission in either park or neutral. This Court concluded:

> The evidence does not sufficiently establish that defendant was intending to use his truck as a motor vehicle as opposed to just a shelter. The mere fact that the engine was running does not sufficiently establish that defendant had or was intending to put the vehicle in motion. As one of the arresting officers conceded, it was possible that defendant was simply keeping the truck warm while he slept. [*Id*. at 143.]

The instant case is factually distinguishable from *Burton* and more akin to *People v Solmonson*, 261 Mich App 657; 683 NW2d 761 (2004), where the police found the defendant

> unconscious in the driver's seat of a Chevrolet Cavalier station wagon with an open can of beer between his legs at 3:45 a.m. The car was parked just outside the white fog lines but was still on the road pavement. Although the engine was off, the keys were in the ignition and the engine was still warm. Defendant was alone but there were five full cans of cold beer on the passenger seat and one empty can in the back. The police found no one else in the area. [*Id*. at 660.]

The defendant failed field sobriety tests. He admitted drinking six beers since 6:00 p.m. the previous night. His blood alcohol content was 0.21 and 0.22 grams per one hundred milliliters of blood. *Id*. at 660-661. This Court distinguished *Burton* on the ground that "the prosecutor [in *Solmonson*] did not claim that the evidence established defendant was operating the vehicle at the point the police found him unconscious . . . ." Instead, the prosecutor in *Solmonson* "argued that the evidence at trial presented a compelling circumstantial case that defendant had driven while intoxicated to the location where the police found him." *Id*. at 662.

In this case, the prosecutor did not claim that defendant was operating the vehicle at the point the police arrived at Brandau's residence and found defendant intoxicated inside his parked truck. Rather, as in *Solmonson*, the prosecutor maintained that defendant actually operated his vehicle while intoxicated before the police arrived. In her closing argument, the prosecutor reviewed the evidence that Brandau saw defendant's vehicle being driven behind him, and that the vehicle pulled into Brandau's driveway. There was no evidence that any person other than defendant operated his vehicle at any time during this sequence of events. The prosecutor argued that Brandau's testimony was direct evidence that defendant drove his vehicle, and that circumstantial evidence proved that he did so while intoxicated.

The evidence of defendant driving while intoxicated in this case is more compelling than it was in *Solmonson*. Defendant was not merely found intoxicated in a stationary car, with no evidence of how long he had been there, or whether he was intoxicated when he drove to his location. Rather, Brandau observed defendant driving behind him on public streets and then pulling into the driveway behind him. The police arrived shortly thereafter and defendant failed two field sobriety tests. A blood alcohol test revealed that defendant had a blood alcohol level of .32 grams per 210 liters of breath. Defendant's test results and the officer's observations were sufficient to prove that defendant was intoxicated when the officer arrived. Moreover, unlike in *Solmonson*, the prosecutor in this case presented direct evidence that defendant was driving his car on public roads immediately before he stopped in Brandau's driveway and before the police arrived. The trial court, as the trier of fact, expressly found that defendant was operating his vehicle "in Wayne County on streets open to the public," and this finding is supported by Brandau's testimony. A reasonable trier of fact could also infer from defendant's intoxicated state when he was found in Brandau's driveway that he was intoxicated while he was driving behind Brandau shortly beforehand. Defendant's confusion in following someone he did not know to a private residence for no apparent purpose further supported that defendant was

intoxicated when he drove his vehicle. Accordingly, the evidence was sufficient to support defendant's conviction.

We affirm.

/s/ Jane E. Markey
/s/ Patrick M. Meter
/s/ Douglas B. Shapiro