*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SHANTELL LANICE FRAZIER,

        Defendant-Appellant.

UNPUBLISHED
November 21, 2023

No. 364498
Wayne Circuit Court
LC No. 21-001862-01-FH

Before: BOONSTRA, P.J., and GADOLA and MALDONADO, JJ.

PER CURIAM.

Defendant was convicted after a bench trial of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, and felonious assault, MCL 750.82. Defendant was sentenced to 240 days in jail for each conviction. Defendant appeals as of right. We affirm.

## I. FACTS

On December 19, 2020, Tia Fleming was leaving the apartment of her boyfriend, Marcel Walker, to go Christmas shopping with her cousin, Marquita Adams. As she was leaving in Adams' car, Fleming spotted defendant parked nearby. Defendant and Walker have a child together. Earlier that day, Fleming and defendant had exchanged hostile text messages, culminating in defendant threatening to beat up Fleming, and Fleming inviting defendant to Walker's apartment for a confrontation.

At Fleming's request, Adams backed the car into a carport parking spot to wait for Walker to return. Shortly thereafter, defendant drove up and used her truck to block Adams' car from leaving the carport, then began throwing miscellaneous items at Adams' car. Fleming got out of Adams' car, and she and defendant exchanged hostile words. Defendant told Fleming that she would beat up Fleming as soon as defendant dropped off her child, who was riding in the truck.

Defendant then drove away, but immediately circled back through the parking lot toward Fleming. Defendant later explained that she drove toward Fleming to "mess" with her. Fleming ran to a nearby tree for cover. Defendant's truck struck Fleming and the tree, knocking Fleming to the ground; the tree prevented defendant from driving over Fleming. Defendant backed her

-1-

truck and again drove toward Fleming, but the damage to the front of defendant's truck prevented her from hitting Fleming a second time. Defendant then drove away. Photographs of the tree and surrounding area show damage to the tree and debris from defendant's truck on the ground near the tree. No evidence was found that indicated that defendant tried to brake or swerve to avoid hitting Fleming. Fleming and Adams went to the police station after defendant drove away, where the police officers took pictures of Fleming's cuts and bruises. Fleming's injuries were not life-threatening.

Defendant was charged with AWIGBH and felonious assault. Fleming and Adams testified consistently that defendant intentionally drove her truck at Fleming, hit Fleming and a tree with the truck, then drove at Fleming a second time but was prevented from hitting her again by the damaged condition of her truck. Defendant testified that she only drove at the tree because Fleming and Adams both ran up to her truck and pulled on the door handles, causing her to panic.

The trial court found defendant guilty of both AWIGBH and felonious assault. The trial court found the testimony of Fleming and Adams that defendant purposefully hit Fleming with defendant's truck to be credible. The trial court also observed that Fleming and Adams contacted the police after the incident. The trial court found that defendant's testimony was not credible and not consistent with her earlier statements to police, and observed that defendant failed to report the incident to police. With regard to the charge of AWIGBH, the trial court found that at the time of the assault, defendant had the ability to cause an injury to Fleming, and that defendant's act of striking Fleming with her truck demonstrated intent to cause Fleming bodily harm given the force with which she hit the tree and the extent of the resulting damage to defendant's truck. The trial court concluded that each element of AWIGBH had been proven beyond a reasonable doubt.

With regard to the charge of felonious assault, the trial court found defendant did an act which would cause a reasonable person to fear or apprehend an immediate battery; defendant testified that she drove toward Fleming to "mess" with her, and Fleming and Adams testified that defendant drove at Fleming with the truck causing defendant to run for safety, struck Fleming and the tree with the truck, then drove at Fleming a second time. The trial court concluded that the evidence showed defendant intended to make Fleming fear an immediate battery and to injure Fleming, that when defendant did this she had the ability to commit the battery, and that defendant used her truck as a dangerous weapon to strike Fleming. Defendant now appeals.

II. DISCUSSION

A. SUFFICIENCY OF THE EVIDENCE

Defendant contends that there was insufficient evidence to support her conviction of AWIGBH. We disagree.

We review de novo a challenge to the sufficiency of the evidence. *People v Wang*, 505 Mich 239, 251; 952 NW2d 334 (2020). To ascertain whether sufficient evidence was presented to support a conviction, we view the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Harris*, 495 Mich 120, 126; 845 NW2d 477 (2014). In doing so, we draw all reasonable inferences and make credibility choices in support of the

verdict. *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018). The elements of a crime may be proven by circumstantial evidence and the reasonable inferences arising from that evidence. *Id*.

Due process requires the prosecution to prove each element of the offense beyond a reasonable doubt. *People v Smith*, 336 Mich App 297, 308; 970 NW2d 450 (2021). The elements of AWIGBH are (1) an attempt or threat with force or violence to do corporal harm to another, and (2) the intent to do great bodily harm less than murder. *People v Blevins*, 314 Mich App 339, 357; 886 NW2d 456 (2016). The defendant's intent may be inferred from all the facts and circumstances, and minimal circumstantial evidence is sufficient. *People v Russell*, 297 Mich App 707, 721; 825 NW2d 623 (2012).

In this case, defendant admitted to police that she drove her truck toward Fleming to "mess" with her, causing Fleming to run toward a tree for protection. Adams testified that the manner in which defendant drove her truck toward Fleming made it clear that defendant was trying to harm Fleming and not merely to scare Fleming. There was no evidence that defendant tried to brake before striking Fleming and the tree, indicating that defendant was attempting to physically harm Fleming. Defendant then drove toward Fleming a second time after knocking Fleming to the ground and was only prevented from hitting Fleming again by the damage to defendant's truck, further demonstrating that defendant was trying to harm Fleming. We conclude that a rational trier of fact could have found proof beyond a reasonable doubt that defendant attempted or threatened with force or violence to physically harm Fleming.

The second element of AWIGBH required the trial court to find that defendant acted with the intent to cause Fleming great bodily harm less than murder. Questions of intent involve weighing the evidence and assessing the credibility of witnesses, which is a task for the fact finder. *Smith*, 336 Mich App at 308. The trial court found credible the testimony of Fleming and Adams that defendant drove at a high rate of speed toward Fleming and then struck her and the tree. The trial court found this testimony was corroborated by the pictures of the tree and defendant's truck, along with the testimony of the investigating police officer. The trial court found defendant's contrary testimony to lack credibility because it was inconsistent with defendant's earlier statements. The trial court concluded that defendant's high-speed pursuit of Fleming, defendant's collision with Fleming and the tree, and defendant's subsequent second attempt to hit Fleming with her truck demonstrated defendant's intent to inflict great bodily harm on Fleming.

The record supports the trial court's findings. The testimony regarding the damage to the tree and defendant's truck, along with the debris from the truck scattered around the tree, support the trial court's conclusion that defendant was traveling at a high rate of speed when she struck the tree and Fleming. That defendant was driving fast was evidenced by Fleming's need to run to reach the safety of the tree, barely reaching the tree before being struck by defendant's truck. Indeed, had it not been for the tree stopping the truck, it is likely that Fleming would have been seriously injured. The damage to defendant's truck was so great that when she drove toward Fleming the second time, the damage prevented her from reaching Fleming. There was no evidence that defendant attempted to brake or swerve before hitting Fleming and the tree, also indicating that defendant intended to cause great bodily harm to Fleming. Viewing the evidence in the light most favorable to the prosecution, we conclude a rational trier of fact could have found proof beyond a reasonable doubt that defendant intended to inflict great bodily harm on Fleming. The trial court therefore did not err by convicting defendant of AWIGBH.

## B. MUTUALLY EXCLUSIVE OFFENSES

Defendant also contends that the trial court erred by convicting her of both charges because the offenses are mutually exclusive.[1]  We disagree.

We note initially that this issue is unpreserved because defendant failed to object before the trial court.  *People v Cameron*, 291 Mich App 599, 617; 806 NW2d 371 (2011).  Our review of this issue therefore is limited to plain error affecting defendant's substantial rights.  See *People v Caddell*, 332 Mich App 27, 40; 955 NW2d 488 (2020).  Under the plain error test, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence."  *People v Allen*, 507 Mich 597, 614; 968 NW2d 532 (2021) (citation omitted).

Defendant contends that she cannot properly be convicted of both offenses because the verdicts are mutually exclusive.  Verdicts are mutually exclusive when a verdict of guilty on one offense necessarily excludes a verdict of guilty on the other offense, or in other words, by the plain text of the relevant statutes the offenses are fundamentally inconsistent.  *People v Davis*, 320 Mich App 484; 905 NW2d 482 (2017) (*Davis I*), vacated in part 503 Mich 984 (2019).

AWIGBH requires the intent to harm the victim while felonious assault requires use of a weapon without intent to commit murder or great bodily harm.  As discussed, the elements of AWIGBH are (1) an attempt or threat with force or violence to do corporal harm to another, and (2) an intent to do great bodily harm less than murder.  *Smith*, 336 Mich App at 308.  The elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery.  MCL 750.82(1); *People v Nix*, 301 Mich App 195, 205; 836 NW2d 224 (2013).

Defendant relies on *People v McKewen*, 326 Mich App 342; 926 NW2d 888 (2018), and *Davis I* for the proposition that a defendant cannot be convicted of two offenses arising from the same conduct where one offense requires the defendant to have acted with intent to do great bodily harm less than murder (AWIGBH), while the other offense contains language stating the defendant acted without the intent to do great bodily harm less than murder (felonious assault).  Defendant's reliance on *McKewen* and *Davis I* is misplaced, however, because *Davis II*, 503 Mich 984 (2019) vacated the part of *Davis I* that formed the basis of the *McKewen* decision.

In *Davis I*, the defendant was convicted of aggravated domestic assault, MCL 750.81a(3), and AWIGBH.  *Davis I*, 320 Mich App at 487.  On appeal, the defendant argued that his

---

[1] Defendant also states that her convictions violate the prohibition against double jeopardy, but does not further argue or support this statement in her brief.  Defendant therefore has abandoned the argument on appeal.  See *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).  The argument nonetheless would fail if properly presented.  Conviction of a defendant for both AWIGBH and felonious assault does not violate the double jeopardy protection against multiple punishments for the same conduct because the crimes have different elements.  *People v Strawther*, 480 Mich 900 (2007).

convictions violated his right to be free from multiple punishments for the same offense under double-jeopardy principles. *Id.* at 489. The *Davis I* panel agreed with the defendant on the basis that aggravated domestic assault and AWIGBH had contradictory and mutually exclusive provisions. *Id.* at 490. The *Davis I* panel reasoned that, because aggravated domestic assault is committed in the absence of intent to do great bodily harm less than murder, and AWIGBH is committed when the defendant had the intent to do great bodily harm less than murder, "the plain language of the statutes reveals that a defendant cannot violate both statutes with one act as he or she cannot both intend and yet not intend to do great bodily harm less than murder." *Id.*

Subsequently, in *McKewen*, the defendant was convicted of AWIGBH and felonious assault. *McKewen*, 326 Mich App at 346. The defendant in *McKewen* first argued his convictions violated his double-jeopardy protection against multiple punishments for the same offense because both convictions arose from the same act. *Id.* at 351. The *McKewen* panel dismissed defendant's double jeopardy argument, however, given that *People v Strawther*, 480 Mich 900 (2007), expressly stated that convictions for AWIGBH and felonious assault arising from the same conduct do not violate double-jeopardy protections because each offense contains different elements. *McKewen*, 326 Mich App at 352.

The defendant also contended that the trial court erred by convicting him of both offenses based on the same act because the offenses were mutually exclusive. *Id.* The *McKewen* panel quoted the mutual exclusion language from *Davis I* and held that the trial court erred by convicting the defendant of two mutually exclusive offenses arising from the same act. *Id.* at 353. The *McKewen* panel affirmed the defendant's conviction for AWIGBH because the jury made an affirmative finding that the defendant acted with the intent to do great bodily harm less than murder, and vacated the defendant's conviction for felonious assault because the jury did not make an affirmative finding that the defendant acted without the intent to do great bodily harm less than murder. *Id.* at 355-356.

Thereafter, the Michigan Supreme Court vacated in part the *Davis I* opinion in *Davis II*, 503 Mich at 984. The Supreme Court concluded that the *Davis I* panel erred by holding the defendant's convictions for AWIGBH and aggravated domestic assault were mutually exclusive. *Davis II*, 503 Mich at 984. The Supreme Court reasoned:

> Since, with respect to the aggravated domestic assault conviction, the jury never found that defendant acted without the intent to inflict great bodily harm, a guilty verdict for that offense was not mutually exclusive to defendant's guilty verdict for AWIGBH, where the jury affirmatively found that defendant acted with intent to do great bodily harm. Thus, the Court of Appeals erred by relying on the principle of mutually exclusive verdicts to vacate defendant's aggravated domestic assault conviction. We thus VACATE that part of the Court of Appeals judgment relevant to that finding. [*Davis II*, 503 Mich at 984.]

Relying on *Davis I* and *McKewen*, defendant argues that her felonious assault conviction should be vacated because the convictions were contradictory and mutually exclusive. Under *Davis II*, however, convictions for AWIGBH and felonious assault are not mutually exclusive. See *Davis II*, 503 Mich at 984. In convicting defendant of AWIGBH, the trial court found defendant acted with the intent to cause Fleming great bodily harm less than murder. Convicting

-5-

defendant of felonious assault, however, did not require an express finding that defendant acted without the intent to cause Fleming great bodily harm.  In fact, when making its findings in support of defendant's felonious assault conviction, the trial court found that defendant acted with the intent to scare and harm Fleming.  Accordingly, we conclude the trial court did not err by convicting defendant of both offenses.

Affirmed.

/s/ Mark T. Boonstra
/s/ Michael F. Gadola
/s/ Allie Greenleaf Maldonado