# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAVID LEE SIMPSON,

        Defendant-Appellant.

UNPUBLISHED
January 26, 2016

No. 323712
Wayne Circuit Court
LC No. 13-009102-FC

Before: RIORDAN, P.J., and JANSEN and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of first-degree premeditated murder, MCL 750.316(1)(a), first-degree felony murder, MCL 750.316(1)(b), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to life imprisonment for the first-degree premeditated murder conviction[1] and two years' imprisonment for the felony-firearm conviction. We affirm.

Defendant argues that he was deprived of his constitutional right to the effective assistance of counsel. We disagree. To preserve a claim of ineffective assistance of counsel, a defendant must make a motion for a new trial or an evidentiary hearing with the trial court. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Defendant never moved for a new trial or a *Ginther*[2] hearing in the trial court. Defendant filed a motion for a *Ginther* hearing with this Court, which was denied for failure to persuade the Court of a necessity for a remand.[3] When an ineffective assistance of counsel claim is unpreserved, "this Court's review is limited to mistakes apparent from the record." *Id.*

---

[1] The judgment of sentence reflects both a first-degree premeditated murder conviction and a felony-murder conviction. However, the trial judge imposed a single sentence to reflect that defendant was convicted of only one count of first-degree murder, supported by two separate theories.

[2] See *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[3] *People v Simpson*, unpublished order of the Court of Appeals, entered December 29, 2014 (Docket No. 323712).

"To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013), citing *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Nix*, 301 Mich App at 207. Defendant bears the burden of establishing the factual predicate for his claim. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

Specifically, defendant asserts that his trial counsel failed to adequately investigate defendant's alibi witnesses, failed to file a notice of intent to present an alibi defense pursuant to MCL 768.20(1), and failed to present the testimony of alibi witnesses at trial. Defendant's claims fail for several reasons.

First, defendant has not shown that defense counsel failed to adequately investigate defendant's purported alibi defense. "Trial counsel is responsible for preparing, investigating, and presenting all substantial defenses . . . ," meaning defenses that may have affected the outcome of the trial. *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009). Defense counsel has a duty to undertake *reasonable* investigations, and any choice to limit an investigation is reasonable "to the extent that reasonable professional judgments support the limitations on investigation." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). The failure to conduct an adequate investigation constitutes ineffective assistance if it undermines the confidence in the outcome of the trial. *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012).

Here, the record is largely silent on whether counsel failed to investigate defendant's alibi defense. Significantly, defendant has not presented affidavits from those witnesses he claims would have supported his alibi defense. While there was mention on the record that defendant's initial appointed attorney had received names and contact information for several of these witnesses from defendant and defendant's sister, the record does not reflect that defendant's attorneys failed to contact or investigate those witnesses, as defendant claims. Indeed, it is equally likely that defense counsel interviewed the witnesses, all of whom were professed crack addicts, and decided not to call them to the stand based on credibility issues or because their testimony would have been inconsistent with defendant's testimony. Even assuming the investigation was unreasonable, defendant does not show that failure to conduct a reasonable investigation undermined the outcome of trial, *id.*, or a reasonable likelihood that the result of the proceedings would have been different but for counsel's alleged failing, *Nix*, 301 Mich App at 207. Again, defendant bears the burden of establishing a factual predicate for his claim, *Carbin*, 463 Mich at 600, and absent affidavits supporting the viability of his proffered defense, this Court is unable to determine that counsel's alleged failure to investigate prejudiced defendant.

Second, defense counsel's failure to file a notice of intent to present an alibi defense did not constitute ineffective assistance of counsel. When an ineffective assistance of counsel claim is premised on counsel's failure to file notice under MCL 768.20(1) and consequent failure to present an alibi witness, the defendant must demonstrate that the witness would have given favorable alibi testimony. *People v Pickens*, 446 Mich 298, 327; 521 NW2d 797 (1994). Again, without affidavits or statements from defendant's purported alibi witnesses, this Court is unable

to determine whether their testimony would have supported defendant's alibi defense. Moreover, defense counsel's failure to file a notice of intent to present an alibi defense did not prevent him from offering testimony regarding an alibi defense at trial. It is true that, before a defendant can present an alibi defense, he must ordinarily serve notice pursuant to MCL 768.20(1). However, if proper notice under the statute is not provided, the trial court *may*, in its discretion, preclude alibi testimony. *People v Travis*, 443 Mich 668, 679–680; 505 NW2d 563 (1993). The trial court is not required to preclude alibi testimony when notice has not been filed, especially where, as here, the prosecution raises no objection to the presentation of alibi testimony by the defense. Moreover, defendant was able to present his alibi testimony, and the jury was properly instructed to consider that defense and find defendant not guilty if it had a reasonable doubt as to defendant's whereabouts at the time of the crime. Accordingly, defendant's claim fails.

Finally, we reject defendant's claim that his attorney was ineffective for failing to call his proposed alibi witnesses. The decision "to call or question witnesses is presumed to be [a] matter[] of trial strategy" and will only constitute ineffective assistance when it deprives defendant of a substantial defense. *Russell*, 297 Mich App at 716. "A defendant must meet a heavy burden to overcome the presumption that counsel employed effective trial strategy." *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). Defendant cannot overcome the presumption that defense counsel employed effective trial strategy by not calling the proposed alibi witnesses. At trial, defense counsel chose to focus on attacking the sole eyewitness's credibility as a crack addict who had a motive to shoot the victim similar to defendant's motive. In so doing, defense counsel attempted to highlight discrepancies between the eyewitness's various statements and between her trial testimony and the physical evidence presented. This approach constituted reasonable trial strategy. In addition, defendant still provided his alibi defense by way of his own testimony that he was at a friend's house smoking crack with a number of individuals at the time of the shooting. We do not agree that there was a reasonable probability that bolstering defendant's alibi with testimony of professed crack addicts would have affected the outcome of his case, and his unsupported assertions are insufficient to overcome the presumption of trial strategy employed by defense counsel in not calling the witnesses. Further, defendant cannot show that he was prejudiced in light of the strong evidence presented against him at trial, including eyewitness testimony and corroborating physical evidence.

Affirmed.

/s/ Michael J. Riordan
/s/ Kathleen Jansen
/s/ Karen M. Fort Hood