*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ALVIN LEE DOSTER,

        Defendant-Appellant.

UNPUBLISHED
May 23, 2019

No. 342178
Wayne Circuit Court
LC No. 17-005894-01-FC

Before: REDFORD, P.J., and MARKEY and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right a jury's conviction of defendant of second-degree murder, MCL 750.317, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony, MCL 750.227b. The trial court sentenced defendant to concurrent prison terms of 28 to 56 years for the murder conviction, and three to five years for the felon-in-possession conviction, to be served consecutive to a two-year term of imprisonment for his felony-firearm conviction. We affirm.

Defendant fatally shot his 33-year-old nephew, Michael Wilson, outside defendant's Detroit home on June 11, 2017. The prosecution presented evidence that Wilson drove to defendant's home, which was formerly the home of Wilson's grandmother before her death. When Wilson arrived, his cousin, Darius Loving, and a close family friend, Demetrious Johnson, were outside working on mini bikes. Eventually, the three men went inside the house. After a brief cordial exchange between defendant and Wilson, an argument ensued and defendant demanded that Wilson leave the house. When Wilson did not leave, defendant left the room, retrieved a gun from a back room, and upon his return repeated his demand that Wilson leave as he pointed the gun toward the ground and pulled the trigger. The gun dry fired and Loving and Johnson quickly left the house. Because Wilson did not leave, Loving cautiously re-entered the house to get Wilson who was still standing face-to-face with the armed defendant. At Loving's urging, Wilson left the house with Loving, using the back door. After they walked out, Loving heard defendant lock the back door behind them. Wilson and Loving walked from the backyard toward the street using a path between defendant's house and the house next door. While walking, Loving heard a gunshot and defendant's voice, originating from the front of the house.

He then saw that Wilson had been shot in the chest. A neighbor heard two men arguing before an approximate one-minute pause, a gunshot, and one of the men state, "Motherf***er, I told you to go home." Defendant shot Wilson, his nephew, in the chest with a .44 magnum caliber handgun. The shot proved fatal.

Loving went inside after the shooting where he saw defendant still holding the firearm. Defendant left the house and walked to a nearby store, disposing of his firearm in a garbage can along the way. He then went to work and hours later took an Uber ride to the police station where he requested a police escort to his home because he heard there had been a shooting. In a statement to the police, defendant denied being involved in the shooting, being home at the time of the shooting, or seeing Wilson on the day of the shooting. At trial, defendant asserted a self-defense theory. Consistent with that theory, defendant testified that he shot the angry, aggressive, and weightier Wilson in self-defense, and explained that he initially lied to the police because he was nervous and confused.

## I. INEFFECTIVE ASSISTANCE – JURY INSTRUCTIONS

Defendant first argues that defense counsel provided ineffective assistance by failing to request a jury instruction on the necessarily included lesser offense of voluntary manslaughter. We disagree.

To preserve a claim of ineffective assistance of counsel, defendant must move in the trial court for a new trial or an evidentiary hearing.[1] *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). Here, defendant did not move in the trial court for a new trial or an evidentiary hearing. However, defendant filed two motions to remand his case to permit him to move in the trial court for a new trial or an evidentiary hearing. This Court denied defendant's motions because he failed to persuade the Court of the necessity of remanding the case. Consequently, no testimonial record was made in the trial court pursuant to a motion for new trial or evidentiary hearing. Therefore, our review is limited to errors apparent on the record. *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009).

"To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013) (citation omitted). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Id*. The effective assistance of counsel is presumed, and the burden is on the defendant to establish otherwise. *People v Roscoe*, 303 Mich App 633, 644; 846 NW2d 402 (2014).

Defendant correctly notes that voluntary manslaughter is a necessarily included lesser offense of murder, distinguished by the element of malice. *People v Mendoza*, 468 Mich 527, 533-534, 536, 540-541; 664 NW2d 685 (2003). "Voluntary manslaughter requires a showing

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

that (1) defendant killed in the heat of passion, (2) this passion was caused by an adequate provocation, and (3) there was no lapse of time during which a reasonable person could have controlled his passions." *People v Roper*, 286 Mich App 77, 87; 777 NW2d 483 (2009). At trial, defendant testified that he acted in self-defense because he was afraid of what Wilson might do to him, and not that he discharged his firearm at Wilson in the heat of passion following sufficient and adequate provocation. Indeed, defense counsel vigorously argued self-defense in closing argument and the jury was instructed on this defense. The record reflects that counsel contemplated whether to request a manslaughter instruction and considered whether inclusion of such instruction fit this case. Defense counsel decided against requesting that the jury be instructed on this lesser offense. Counsel reasonably could have chosen not to attempt to mitigate the charged greater offense by requesting that the jury be instructed on the lesser included offense of manslaughter. Doing so, however, could have confused the jury by undermining defendant's asserted self-defense theory.

Counsel's decision to forgo requesting the manslaughter instruction fell within the range of reasonable professional conduct because a legitimate strategic reason existed for the omission. Defense counsel has wide discretion regarding matters of trial strategy and "[t]his Court will not substitute its judgment for that of defense counsel or review decisions with the benefit of hindsight." *People v Heft*, 299 Mich App 69, 83; 829 NW2d 266 (2012). The fact that the strategy chosen by defense counsel did not work does not constitute ineffective assistance of counsel. *People v Stewart (On Remand)*, 219 Mich App 38, 42; 555 NW2d 715 (1996). Defendant has not overcome the strong presumption that defense counsel provided constitutionally effective assistance in this regard.

## II. DEFENDANT'S SECOND-DEGREE MURDER CONVICTION

### A. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the prosecution failed to present sufficient evidence to prove beyond a reasonable doubt that he acted with the requisite malice to sustain his conviction of second-degree murder. We disagree.

We review de novo a challenge to the sufficiency of the evidence. *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015). When ascertaining whether the prosecution presented sufficient evidence to support a conviction, this Court reviews the evidence in a light most favorable to the prosecution and determines whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *Id*. "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury's verdict." *Id*. In *Bailey*, this Court explained:

> the prosecutor is not obligated to disprove every reasonable theory consistent with innocence to discharge its responsibility; it need only convince the jury in the face of whatever contradictory evidence the defendant may provide. Further, circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime. [Id. (quotation marks, alterations, and citations omitted.]

The elements of second-degree murder are "(1) a death, (2) the death was caused by an act of the defendant, (3) the defendant acted with malice, and (4) the defendant did not have lawful justification or excuse for causing the death." *People v Smith*, 478 Mich 64, 70; 731 NW2d 411 (2007). Defendant argues only that the prosecution did not prove beyond a reasonable doubt that he acted with the malice necessary to establish second-degree murder. "Malice is defined as 'the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and willful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm.' " *People v Werner*, 254 Mich App 528, 531; 659 NW2d 688 (2002) (citation omitted). "The prosecution is not required to prove that the defendant actually intended to harm or kill. Instead, the prosecution must prove the intent to do an act that is in obvious disregard of life-endangering consequences." *Id*. (quotation marks and citations omitted). Malice may be inferred from facts in evidence, including the use of a dangerous weapon. *People v Bulls*, 262 Mich App 618, 627; 687 NW2d 159 (2004). "[M]inimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented." *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008).

In this case, the prosecution presented evidence that established that, after the argument between defendant and Wilson ended, Wilson exited defendant's house. Wilson was unarmed and walking away from defendant's house when defendant went outside and discharged his gun toward Wilson, lethally striking him in his chest. Witnesses heard defendant declare, "Motherf***er, I told you to go home." This evidence, viewed in a light most favorable to the prosecution, sufficed to permit a rational trier of fact to infer beyond a reasonable doubt that defendant possessed the requisite malicious intent for second-degree murder. Further, evidence showed that after the crime defendant fled the scene, hid the firearm, and lied to the police about his involvement. Such evidence further supports a finding of malice. In sum, the evidence of the nature and circumstances surrounding Wilson's killing sufficed to enable a jury to rationally infer that, at a minimum, defendant acted with the intent to cause great bodily harm when he discharged a loaded handgun at an unarmed man as the man was walking away.

Defendant essentially argues that the evidence failed to sustain his conviction because the jury should have believed his version of the events. However, defendant's reliance on the weight and credibility of his own testimony ignores that when evaluating the sufficiency of evidence, this Court must resolve all conflicts in the evidence in favor of the prosecution. *People v Lockett*, 295 Mich App 165, 180; 814 NW2d 295 (2012). This deferential standard of review is the same whether the evidence is direct or circumstantial. *Id*. "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). Properly understood, defendant's challenge relates to the weight of the evidence rather than its sufficiency. The jury, however, heard defendant's testimony and accorded the weight it saw fit, and this Court will not interfere with the trier of fact's role of determining issues of weight and credibility. *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). The record reflects that the prosecution presented sufficient evidence to support defendant's conviction of second-degree murder.

## B. GREAT WEIGHT OF THE EVIDENCE

In a related claim of error, defendant argues that the verdict of second-degree murder was against the great weight of the evidence because no evidence established that he acted with the required malice. Defendant did not move for a new trial in the trial court to preserve his great-weight claim. Therefore, we may only review this unpreserved claim for plain error affecting defendant's substantial rights. *People v Cameron*, 291 Mich App 599, 617-618; 806 NW2d 371 (2011). Defendant bears the burden to show that (1) an error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error prejudiced substantial rights, i.e., the error affected the outcome of the lower court proceedings. *Id*. at 618. A verdict may be vacated only when it "does not find reasonable support in the evidence, but is more likely to be attributed to causes outside the record such as passion, prejudice, sympathy, or some extraneous influence." *People v DeLisle*, 202 Mich App 658, 661; 509 NW2d 885 (1993) (citation omitted).

In this case, sufficient evidence established that defendant possessed the requisite malicious intent for second-degree murder. The evidence supported the jury's finding beyond a reasonable doubt for each of the elements of the charged offenses. The evidence presented at trial did not weigh in defendant's favor. Defendant's great-weight arguments essentially consist of an attack on the prosecution witnesses' credibility and an implication that his own testimony was more credible. Conflicting testimony and questions regarding the credibility of witnesses, however, are not sufficient grounds for granting a new trial. *Lemmon*, 456 Mich at 643. The record reflects that defense counsel cross-examined the witnesses at length and presented credibility arguments to the jury, including why defendant's self-defense theory should be believed. A reviewing court should ordinarily defer to the jury's determination of credibility "unless it can be said that directly contradictory testimony was so far impeached that it 'was deprived of all probative value or that the jury could not believe it,' or contradicted indisputable physical facts or defied physical realities[.]" *Id*. at 644-646 (citation omitted). That is not the case here. Nothing in the record warrants overriding the jury's credibility determinations. Accordingly, the jury's verdict was not against the great weight of the evidence. Defendant has failed and cannot establish the existence of any plain error that affected his substantial rights.

## III. DISPROPORTIONATE AND UNREASONABLE SENTENCE

Defendant argues that his combined 30-year minimum sentence—28 years for murder and two years for felony-firearm—is disproportionate and unreasonable. We disagree.

Preliminarily, defendant's 28-year minimum sentence for second-degree murder is within his applicable sentencing guidelines range of 225 to 375 months. Because defendant did not receive a sentence that exceeds the advisory sentencing guidelines range, his sentence is presumptively reasonable. "[T]his Court is required to review for reasonableness only those sentences that depart from the range recommended by the statutory guidelines." *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607, 614 (2018). If a trial court does not depart from the recommended minimum sentence range, we need not evaluate the defendant's sentence for reasonableness and must affirm unless there was an error in scoring the guidelines or the trial court relied on inaccurate information. *Id*. at 636-637.

Defendant does not argue that the trial court erred in calculation of his minimum sentence range and he has not demonstrated that the trial court relied on inaccurate information. Defendant's primary argument—that his sentence is disproportionate on the basis of his sufficiency of the evidence argument—lacks merit. Each of the factors defendant points to as justifying a reduced minimum sentence was known to the trial court because it was identified in defendant's presentence investigation report or otherwise discussed at trial and sentencing. Accordingly, defendant lacks entitlement to resentencing. *Id*. at 637.

## IV. DEFENDANT'S STANDARD 4 BRIEF

In a pro se supplemental brief filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4, defendant raises additional issues challenging the effectiveness of defense counsel's assistance. None of the issues have merit. Because defendant failed to raise these ineffective-assistance claims in the trial court, our review is limited to mistakes apparent on the record. *Heft*, 299 Mich App at 80.

### A. FAILURE TO IMPEACH LOVING

Defendant argues that defense counsel provided ineffective assistance by failing to impeach Loving with three different statements that Loving made, including a statement he gave to a police detective and statements at trial. Decisions regarding how to impeach witnesses and what questions to ask are matters of trial strategy. *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). Preliminarily, other than merely observing that Loving gave a prior statement and testimony, defendant does not identify any inconsistencies or otherwise explain how defense counsel could have used Loving's police statement or prior testimony to undermine Loving's credibility. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). "The failure to brief the merits of an allegation of error constitutes an abandonment of the issue." *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004).

We nonetheless observe that defense counsel knew of Loving's police statement and prior testimony because he brought them up during cross-examination. Defense counsel brought out minor inconsistencies. Thus, the record indicates that defense counsel did use Loving's police statement and prior testimony in an attempt to impeach his credibility. The record does not indicate additional lines of questioning that could have been pursued and, again, defendant has not suggested what other questions counsel could have asked that would have undermined Loving's credibility in this regard. Therefore, defendant has failed to establish that defense counsel's conduct fell below the applicable standard.

### B. FAILURE TO CALL EXPERTS

Defendant also argues that defense counsel should have sought an expert investigator "to go to the mall and get cop[ies] of the v[i]deo and DVDs" to show that defendant "couldn't be at two places at the same time." "An attorney's decision whether to retain witnesses, including expert witnesses, is a matter of trial strategy." *People v Payne*, 285 Mich App 181, 190; 774

NW2d 714 (2009). A defense counsel's failure to present a witness can constitute ineffective assistance only where it deprives the defendant of a substantial defense. *Id*. "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009) (citation omitted).

Defendant has not made an offer of proof regarding the substance of any favorable testimony that a defense expert could have offered. In addition, assuming such video evidence existed, defendant has not explained why the defense needed an expert investigator to obtain it. Further, defendant admitted at trial that he shot Wilson which occurred at his house. Defendant's mere speculation that an expert could have provided unspecified favorable testimony is insufficient to show that defense counsel's failure to call an expert was objectively unreasonable, or that a reasonable probability exists that the outcome of trial would have been different if an expert had been called. *Payne*, 285 Mich App at 190. Thus, defendant has not overcome the strong presumption that defense counsel provided constitutionally effective assistance.

Defendant makes an additional cursory complaint that defense counsel should have obtained an expert to analyze the evidence presented by the prosecution's DNA expert. Again, defendant does not provide any proper analysis, including the substance of any favorable testimony that an expert on DNA analysis could have offered. Defendant improperly fails to do more than merely announce his position and leave it to this Court to discover and rationalize the basis for his claims. *Kelly*, 231 Mich App at 640-641. Defendant, therefore, abandoned this claim of ineffective assistance of counsel. *McPherson*, 263 Mich App at 136.

## C. FAILURE TO CHALLENGE THE CAUSE OF DEATH

In his last ineffective-assistance claim, defendant argues that defense counsel provided ineffective assistance by failing to adequately investigate and rebut the medical examiner's conclusion regarding Wilson's cause of death and for failing to adequately prepare an expert witness for trial. Preliminarily, the defense did not call any expert witnesses; therefore, defense counsel cannot be deemed ineffective for failing to adequately prepare a nonexistent witness. Regarding the cause of death, the parties stipulated to the autopsy report prepared by the medical examiner. Defendant does not identify any factual or legal ground on which defense counsel could have successfully challenged the cause of death. In fact, defendant does not even discuss the medical examiner's findings. Defendant has not demonstrated a cognizable basis for challenging the cause of death. Consequently, this claim of ineffective assistance of counsel cannot succeed. *Kelly*, 231 Mich App at 640-641; *McPherson*, 263 Mich App at 136.

Affirmed.

/s/ James Robert Redford
/s/ Jane E. Markey
/s/ Kirsten Frank Kelly