*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAMONTAE DEMETRIOUS CALVIN,

        Defendant-Appellant.

UNPUBLISHED
December 26, 2019

No. 344145
Macomb Circuit Court
LC No. 2017-003787-FH

Before: MURRAY, C.J., and SAWYER and GLEICHER, JJ.

PER CURIAM.

A jury convicted defendant of resisting or obstructing a police officer, MCL 750.81d(1),driving with a suspended license (DWSL), second or subsequent offense, MCL 257.904, operating a motor vehicle without security, MCL 500.3102, operating an unregistered vehicle, MCL 257.215, and failure to stop after a collision, MCL 257.620. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 30 months to 15 years' imprisonment for the resisting or obstructing conviction, and concurrent jail terms of 90 days each for the DWSL, operating a motor vehicle without security, operating an unregistered vehicle, and failure to stop convictions. Defendant appeals as of right. We affirm defendant's convictions, as well as his sentences for the driving-related convictions, but vacate his sentence for resisting or obstructing a police officer and remand for resentencing on that offense.

Defendant's convictions arise from his operation of a motor vehicle that was involved in an accident with a parked vehicle. The prosecution presented evidence that defendant, whose license was suspended, was driving an unregistered and uninsured midsize SUV in the city of Eastpointe on the evening of July 9, 2017, and struck an unoccupied parked car on a residential street. Defendant briefly got out of his vehicle, but then reentered the vehicle and attempted to leave the scene. When defendant's vehicle would not move, apparently because it was too damaged, defendant fled on foot. The police, who had been given defendant's description and the direction in which he ran, saw defendant and chased after him, but he ignored their commands to stop. Ultimately, officers were able to catch, subdue, and place defendant in handcuffs. At trial, the defense argued that the police testimony related to defendant resisting or obstructing their efforts to apprehend him was not credible, that no one observed defendant

-1-

operating the SUV at the time of the collision, and that there was no evidence that defendant was the owner of the vehicle.

## I. SCORING OF OFFENSE VARIABLE 13

Defendant argues that the trial court erroneously scored offense variable (OV) 13 of the sentencing guidelines. Plaintiff concedes, and we agree, that remand for resentencing on the offense of resisting or obstructing a police officer is necessary. When reviewing a trial court's scoring decision, the trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

OV 13 "is continuing pattern of criminal behavior." As applicable, the trial court must score 10 points for OV 13 if "[t]he offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property or a violation of section 7401(2)(a)(*i*) to (*iii*) or section 7403(2)(a)(*i*) to (*iii*) of the public health code." MCL 777.43(1)(d). "[A]ll crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a).

As defendant correctly observes, he has only two, not three, qualifying offenses within the applicable five-year period. In this case, defendant was convicted of one felony—resisting and obstructing a police officer—that is designated as a crime against a person, MCL 777.16d. Defendant has a prior conviction of receiving or concealing stolen property with a value of $1,000 to $20,000, MCL 750.535(3)(a), which is designated as a crime against property, MCL 777.16z. The third offense that could potentially be considered is defendant's conviction of possession of a controlled substance analogue, MCL 333.7403(2)(b). While this offense is a violation of the Public Health Code, the section under which defendant was convicted is not one of the sections listed in MCL 777.43(1)(d). Thus, this offense should not have been considered when determining the appropriate points to be scored for OV 13, leaving defendant with only two qualifying offenses within the applicable five-year period. Accordingly, the correct score for OV 13 is zero points, "[n]o pattern of felonious criminal activity existed." MCL 777.43(1)(g).

This scoring error entitles defendant to resentencing because it affects the guidelines range under which he was sentenced. The trial court scored the guidelines for defendant's conviction of resisting or obstructing a police officer, which is a class G offense. MCL 777.16d. Defendant received a total OV score of 20 points, which combined with his 65 prior record variable points, placed him in the E-III cell of the applicable sentencing grid, for which the minimum sentence range is 5 to 46 months for a fourth-offense habitual offender. MCL 777.68; MCL 777.21(3)(c). The additional 10 points for OV 13 increased defendant's total OV score from 10 points to 20 points, which placed him in OV Level III (16+ points) instead of OV Level II (10-15 points), resulting in a higher guidelines range. The guidelines range for the E-II cell of the applicable sentencing grid is 2 to 34 months. MCL 777.68. A scoring error that affects the appropriate guidelines range entitles a defendant to resentencing. *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006); *People v Biddles*, 316 Mich App 148, 156; 896 NW2d 461

(2016). We therefore vacate defendant's sentence for resisting or obstructing a police officer and remand for resentencing on that offense.[1]

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that he is entitled to a new trial because of ineffective assistance of counsel. We disagree. Because defendant failed to raise an ineffective assistance of counsel claim in the trial court in connection with a motion for a new trial or request for an evidentiary hearing, our review of this issue is limited to mistakes apparent on the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013) (citation omitted). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Id*.

### A. FAILURE TO CALL WITNESSES

"Decisions regarding whether to call or question witnesses are presumed to be matters of trial strategy," *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012), and "this Court will not second-guess defense counsel's judgment on matters of trial strategy." *People v Benton*, 294 Mich App 191, 203; 817 NW2d 599 (2011). A defense counsel's failure to present a witness can constitute ineffective assistance only where it deprives the defendant of a substantial defense. *Russell*, 297 Mich App at 716. "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009) (citation omitted).

Defendant complains that defense counsel was ineffective for failing to call two police witnesses who could have testified that "he was being chased by civilians," which would have showed that he had a reason for leaving the scene of the collision and weakened the prosecution's theory that he was running from the police. Although defendant asserts that defense counsel should have called these witnesses, he has not provided any witness affidavits, or identified any other evidence of record, establishing what testimony these witnesses would have provided if called. Absent such a showing, defendant has not established that he was prejudiced by defense counsel's failure to call the proposed witnesses.

### B. THE POLICE DASH CAM AUDIO

Defendant also faults defense counsel for failing to play the police squad car video *with audio* for him before trial, which he contends caused him to be unaware of all of the evidence

---

[1] Defendant also argues that defense counsel was ineffective for not objecting to the trial court's erroneous 10-point score for OV 13. Because we are remanding for resentencing, this additional claim is moot and we need not address it. See *People v Jones*, 317 Mich App 416, 431-432; 894 NW2d 723 (2016).

against him. When defendant raised this matter at a pretrial hearing, the prosecutor stated that he would investigate whether there was any audio and follow up with defense counsel. The matter was further discussed on the record before trial. At trial, the video was played and voices of police officers could be heard; an officer testified that the microphone was on his belt. The audio revealed that, as the officers were chasing defendant, they made statements, including, "Eastpointe Police Department hands," "stop, Eastpointe Police," and "telling [defendant] to give [an officer] his left hand and not to bite [the officer]." Even assuming that defendant did not have the opportunity to hear the audio before trial, he does not explain how he was prejudiced. That is, he does not explain how hearing the audio would have been helpful or otherwise made a difference in the outcome of the trial. Absent a showing of prejudice, defendant is not entitled to relief on the basis of this ineffective-assistance claim.

## III. SUFFICIENCY OF THE EVIDENCE

In his last claim, defendant argues that the prosecution failed to present sufficient evidence to prove beyond a reasonable doubt that he was the owner of the SUV or knew that the vehicle did not have insurance to sustain his conviction of operating a motor vehicle without security. Again, we disagree. We review de novo a challenge to the sufficiency of the evidence. *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015). When ascertaining whether sufficient evidence was presented at trial to support a conviction, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury's verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

MCL 500.3102(2) provides, in relevant part:

> An owner or registrant of a motor vehicle or motorcycle with respect to which security is required, who operates the motor vehicle or motorcycle or permits it to be operated upon a public highway in this state, without having in full force and effect security complying with this section or section 3101 or 31031 is guilty of a misdemeanor. A person who operates a motor vehicle or motorcycle upon a public highway in this state with the knowledge that the owner or registrant does not have security in full force and effect is guilty of a misdemeanor.

Viewed in a light most favorable to the prosecution, there was sufficient evidence to establish that defendant was the owner of the SUV. During trial, two witnesses testified that, immediately after the crash, defendant was in the driver's seat, and no one else was in the vehicle. Defendant later got back in the vehicle and attempted to drive it away. Evidence showed that the license plate on the vehicle was registered to defendant. A police detective explained that, for various reasons which he shared with the jury, it "is not uncommon" for a vehicle to be registered to a different person, other than the owner. Those reasons include the owner not having a license, not having insurance, and to avoid paying taxes. Indeed, there was evidence that defendant's license was suspended, and a police officer explained that the vehicle was "not eligible for plates due to the fact that taxes weren't paid. If taxes aren't paid, you can't

insure a vehicle." This evidence, particularly that defendant was the driver of the vehicle and owned the license plate attached to the vehicle, was sufficient to permit a rational trier of fact to infer beyond a reasonable doubt that defendant was the owner of the vehicle, despite it not being registered in his name.

To the extent that defendant argues that the evidence did not support his conviction because there was no direct testimony that he was the owner of the vehicle or knew if the owner had insurance, defendant's argument ignores that when evaluating the sufficiency of evidence, this Court is required to resolve all conflicts in the evidence in favor of the prosecution, *People v Lockett*, 295 Mich App 165, 180; 814 NW2d 295 (2012), that this deferential standard of review is the same whether the evidence is direct or circumstantial, *Nowack*, 462 Mich at 400, and that it is well established that "[c]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *Id*. (citation omitted). Defendant's challenges are related to the weight of the evidence rather than its sufficiency. *People v Scotts*, 80 Mich App 1, 9; 263 NW2d 272 (1977). The jury heard the testimony, and this Court will not interfere with the trier of fact's role of determining issues of weight and credibility. *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). The prosecution presented sufficient evidence to support defendant's conviction of operating a motor vehicle without security.

Affirmed in part, vacated in part and remanded for resentencing on the offense of resisting or obstructing a police officer. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ Elizabeth L. Gleicher