*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 21, 2024

Plaintiff-Appellee,

v

No. 365510
Oakland Circuit Court
LC No. 2020-274781-FH

MARC CURTIS WADE,

Defendant-Appellant.

Before: O'BRIEN, P.J., and BORRELLO and HOOD, JJ.

PER CURIAM.

Defendant was convicted by a jury of assault with a dangerous weapon (felonious assault), MCL 750.82. He was sentenced to two years' probation and two days in jail. Defendant appeals as of right and for the reasons set forth in this opinion we affirm.

## I. BACKGROUND

This appeal arises out of an altercation between two neighbors, defendant and Quentin Worrell, that occurred in an apartment complex on April 28, 2020, in Waterford, Michigan. Defendant and Worrell's were neighbors at the apartment complex and they shared a wall. On April 28, 2020, Worrell and his boyfriend, Paul Watson, were admittedly making a lot of noise while playing video games at approximately 4:00 a.m. At that time, Worrell heard a knock at the door and went to investigate while Watson remained inside the apartment. Worrell saw defendant entering defendant's apartment. Worrell asked defendant if something was wrong and defendant told Worrell that the noise from Worrell's apartment was keeping defendant awake. Worrell asked defendant if they could handle the issue civilly, "like adults," and defendant told Worrell, "I'll come over there and show you adult." According to Worrell, defendant retreated into his apartment and emerged with a firearm. Worrell testified that defendant held the gun with two hands and aimed it at Worrell's head and chest for at least two seconds. Defendant then waved the gun in the direction of Worrell's apartment window before pointing the gun to the ground. As defendant lowered the gun, he pointed it in the direction of Watson, who was still inside of the apartment. Worrell testified that he feared for his own life and Watson's safety when defendant

-1-

pointed the gun at Worrell. Worrell testified that neither he or Watson ever threatened defendant or brandished a weapon at any time during their interaction.

At trial, both Worrell and Watson testified to comments made by defendant during the altercation that Worrell and Watson perceived to be homophobic or bigoted. Worrell testified that defendant referred to Watson as Worrell's "girlfriend," even though Watson is male. Worrell perceived this comment as bigotry or indifference. Watson testified that Worrell corrected defendant by stating that Watson was Worrell's boyfriend. Defendant responded, "I don't care what—what it is; you guys have been up all—you guys have been keeping me up all night; I have a headache." Watson believed defendant was referring to Watson as "it" and interpreted this as a homophobic comment.

Immediately after the assault, either Worrell or Watson called the police. Officer Julie Knapp was dispatched to the apartment complex to investigate a possible felonious assault. Defendant gave Officer Knapp permission to enter his apartment to search for other people or safety threats and to locate the weapon involved in the incident. Officer Knapp recovered a rifle in the back bedroom and a handgun on a nightstand in the living room. The handgun was loaded with .40-caliber rounds and was equipped with a magazine with approximately eight bullets. There was a bullet in the chamber. Officer Knapp also recovered an extra magazine next to the handgun on the nightstand.

During closing argument, the prosecution argued that defendant pointed the firearm at Worrell and in the direction of Watson, who was still inside of Watson and Worrell's apartment. The prosecution also argued that defendant's only purpose in using "homophobic slurs" was to make Worrell and Watson feel insulted. Defense counsel argued that defendant acted in self-defense. After closing arguments, the trial court instructed the jury, including a jury instruction on self-defense. The jury found defendant guilty of felonious assault. Defendant now appeals.

## II. ANALYSIS

In his appeal, defendant first argues that the trial court abused its discretion by permitting the prosecution to question Worrell about his work experience, communication skills, and efforts Worrell made to meet his neighbors when he moved into the apartment complex because the testimony was impermissible character evidence and was not relevant to the jury's determination of defendant's guilt.

This Court reviews for an abuse of discretion preserved issues pertaining to a trial court's decision to admit evidence but reviews de novo "[p]reliminary questions of law, such as whether a rule of evidence or statute precludes the admission of particular evidence . . . ." *People v Bynum*, 496 Mich 610, 623; 852 NW2d 570 (2014). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *People v Rose*, 289 Mich App 499, 524; 808 NW2d 301 (2010). Further, "it is an abuse of discretion to admit evidence that is inadmissible as a matter of law." *Bynum*, 496 Mich at 623. However, "[a] preserved error in the admission of evidence does not warrant reversal unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013) (quotation marks and citation omitted).

This Court reviews unpreserved[1] issues pertaining to the admissibility of evidence for plain error affecting a defendant's substantial rights. *People v Chelmicki*, 305 Mich App 58, 62; 850 NW2d 612 (2014), citing *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). "Under the plain error rule, defendants must show that (1) error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected a substantial right of the defendant." *People v Pipes*, 475 Mich 267, 279; 715 NW2d 290 (2006). "A clear or obvious error under the second prong is one that is not subject to reasonable dispute." *People v Randolph*, 502 Mich 1, 10; 917 NW2d 249 (2018) (quotation marks and citation omitted). To establish plain error affecting a substantial right, a defendant must demonstrate that the error affected the outcome of the trial proceedings. *Id*. When a defendant establishes plain error affecting substantial rights, reversal is only warranted when "the plain, forfeited error resulted in the conviction of an actually innocent defendant" or when the error " 'seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings' independent of the defendant's innocence." *Carines*, 460 Mich at 763, quoting *United States v Olano*, 507 US 725, 736-737; 113 S Ct 1170; 123 L Ed 2d 508 (1993) (alteration in original). The defendant has the burden of showing that the plain error affected his substantial rights. *Carines*, 460 Mich at 763.

To prove the crime of felonious assault, the prosecution must prove beyond a reasonable doubt that the defendant committed "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Nix*, 301 Mich App 195, 205; 836 NW2d 224 (2013). "An assault may be established by showing either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005). A battery is "an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *Id*. (quotation marks and citation omitted).

"The general rule is that 'relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of Michigan, the[ ] rules [of evidence], or other rules adopted by the Supreme Court'; and '[e]vidence which is not relevant is not admissible.' " *People v Baskerville*, 333 Mich App 276, 287; 963 NW2d 620 (2020), quoting

---

[1] On appeal, defendant argues that he preserved this issue by "object[ing] to the relevance of the questions designed to show how diplomatic [Worrell] was." However, defendant did not object to any of the prosecution's questions regarding Worrell's work experience and communication skills. After that line of inquiry, the prosecution asked Worrell about efforts Worrell made to meet his neighbors when he first moved into the apartment complex, at which time defendant objected that "[n]one of this is relevant to what allegedly occurred on April 28th." Even if defendant's objection was intended to encompass the preceding line of inquiry, it was untimely because the objection was not interposed between the questions pertaining to Worrell's work experience and communication skills and the answers provided by the witness. *People v Jones*, 468 Mich 345, 355; 662 NW2d 376 (2003). Thus, defendant preserved the issue pertaining to the relevance of the testimony regarding efforts Worrell made to meet his neighbors, but did not preserve the issue regarding impermissible character evidence as it pertains to Worrell's work experience, communication skills, and efforts to meet his neighbors.

MRE 402 (alterations in original). "Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' " *Id.*, quoting MRE 401. This Court considers the materiality and probative force of challenged evidence to determine whether the evidence is relevant. *People v Brooks*, 453 Mich 511, 517-518; 557 NW2d 106 (1996), citing *People v Mills*, 450 Mich 61, 67-68; 537 NW2d 909 (1995), mod 450 Mich 1212 (1995). Materiality requires that the "proffered evidence be related to any fact that is of consequence to the action" and probative force refers to "whether the evidence makes a fact of consequence more or less probable than it would be without the evidence." *Brooks*, 453 Mich at 518 (quotation marks and citation omitted). "[R]elevant evidence 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.' " *People v Lowrey*, 342 Mich App 99, 109; 993 NW2d 62 (2022), quoting MRE 403.

"[A]lthough evidence of character might very well be relevant to a fact at issue, the rules of evidence strictly limit both the circumstances under which character evidence may be admitted and the types of character evidence that may be admitted." *People v Roper*, 286 Mich App 77, 91; 777 NW2d 483 (2009). The admissibility of character evidence is governed by MRE 404(a), which "prohibits the introduction of evidence concerning a person's character for the purpose of proving action in conformity with that character." *Id.* (quotation marks omitted). The rules of evidence provide limited circumstances in which evidence may be admitted to prove character, none of which are applicable here. See, e.g., MRE 404(a)(1) (permitting evidence of a pertinent character trait offered by the accused or offered by the prosecution to rebut the same); MRE 404(a)(2) (permitting evidence of a character for aggression of the alleged victim of homicide when offered by the accused and evidence offered by the prosecution to rebut the same); MRE 404(a)(3) (permitting evidence of a sexual conduct crime victim's past sexual conduct with the defendant); and MRE 404(a)(4) (permitting evidence of a character of a witness as allowed by MRE 607 (impeachment of credibility), MRE 608 (opinion and reputation evidence of character and specific instances of conduct to impeach witness credibility), and MRE 609 (evidence of a witness's character for truthfulness or untruthfulness)).

Here, it is readily apparent that Worrell's testimony regarding his work experience and communication skills were impermissible character evidence because it was offered for the purpose of proving that Worrell acted in conformity with his character for communication and conflict resolution during the felonious assault. If there were any doubt as to the rationale behind the prosecutor offering the testimony, that doubt was obliterated when the prosecutor stated, during closing arguments, "You heard what he does for a living. He trains people. He's someone that works well with others. He looked to defuse the situation, unlike the defendant in this case who, at the first opportunity, escalated the situation." We have been instructed that: "A clear or obvious error under the second prong is one that is not subject to reasonable dispute." *Randolph*, 502 Mich at 10. We conclude that the prosecutor's arguments clearly demonstrate that the purpose of Worrell's work experience and communication skills testimony was to establish that Worrell acted in conformity with his character for communication and conflict resolution during the felonious assault. Accordingly, the prosecutor committed misconduct when offering the testimony and the trial court committed plain error in allowing its admission.

Having concluded that introduction of this testimony constituted plain error does not end our analysis. As previously stated, defendant needs to also establish that the plain error affected a substantial right of the defendant. *Pipes*, 475 Mich at 279. Defendant argues not that his substantial rights were affected but instead that the error was a denial of defendant's due-process rights.

As we have previously stated, when a defendant establishes plain error affecting substantial rights, reversal is only warranted when "the plain, forfeited error resulted in the conviction of an actually innocent defendant" or when the error " 'seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings' independent of the defendant's innocence." *Carines*, 460 Mich at 763. (internal citations omitted). The defendant has the burden of showing that the plain error affected his substantial rights. *Id.* at 763. By arguing that he was denied due process in lieu of attempting to establish that the plain error affected his substantial rights, defendant is conceding that he cannot establish that the plain error affected his substantial rights as defined in *Carines*. But the record reveals that defendant had no path to meeting his burden of establishing that the plain error affected his substantial rights. The record is clear that, excluding the character evidence elicited at trial, the prosecution presented sufficient evidence from which the jury could conclude that defendant committed a felonious assault and did not act in self-defense. Worrell testified that he asked defendant if they could handle the matter civilly, "like adults," and defendant responded, "I'll come over there and show you adult." Defendant then retreated into his apartment and emerged with a firearm. Defendant pointed the firearm at Worrell's head and chest for at least two seconds. There was no evidence offered that Worrell threatened defendant or brandished a weapon at any time during the interaction, nor did he hear Watson threaten defendant. Essentially, the fact pattern as produced at trial was a textbook case of felonious assault, which makes the prosecution's introduction of irrelevant character evidence all of the more troubling. Ultimately, defendant is not entitled to a new trial because the prosecution presented sufficient evidence from which the jury could conclude that defendant committed a felonious assault and did not act in self-defense.[2]

---

[2] Defendant also complains of further testimony which he argues was error. For example, defendant argues that the admission of Worrell's testimony regarding efforts he made to meet his neighbors, including defendant, when Worrell first moved into the apartment complex was error. We conclude it was not plain error because the testimony was not impermissible character evidence and was relevant. Similarly, defendant's preserved relevance challenge to the testimony regarding Worrell's efforts to meet his neighbors, including defendant, fails because the challenged evidence could be relevant to the reasonableness of Worrell's apprehension of an immediate battery during the assault and to defendant's honest and reasonable belief that self-defense was necessary. While we view the introduction and admission of this evidence as a close call, "a trial court's decision on a close evidentiary question cannot, by definition, qualify as an abuse of discretion." *People v Smith*, 336 Mich App 79, 106; 969 NW2d 548 (2021). Accordingly, defendant has failed to establish that the trial court abused its discretion by admitting Worrell's testimony regarding his efforts to meet his neighbors when he moved into the apartment complex and he is not entitled to relief on the issue.

Defendant next argues that the trial court abused its discretion by allowing the prosecution to question Worrell regarding how the assault affected his life because the effect the offense had on Worrell after the assault concluded was not relevant.

To determine whether evidence is relevant, this Court considers the materiality and probative force of the challenged evidence. *Brooks*, 453 Mich at 517-518. The prosecution did not offer any argument regarding the relevance of this testimony at trial, but argues on appeal that the impact of the assault on Worrell's life was probative of the third element of felonious assault: that defendant's conduct placed Worrell in reasonable apprehension of an immediate battery. The challenged evidence was not material because it was not "related to any fact that is of consequence to the action." *Id*. at 518 (quotation marks omitted). The evidence did not have any probative force because the *postassault* impact on Worrell did not have any "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id*. (quotation marks omitted). The postassault impact on Worrell was not probative of the third element of felonious assault, as argued by the prosecution, because the third element requires "the intent to injure or place the victim in reasonable apprehension of an immediate battery." *Nix*, 301 Mich App at 205. Worrell's testimony regarding the assault's effect on him in the days and weeks after the assault concluded is not probative of whether Worrell was placed in reasonable apprehension of an *immediate* battery when defendant assaulted Worrell with a dangerous weapon on April 28, 2020. Thus, the trial court abused its discretion in admitting evidence regarding the postassault impact on Worrell.

Again, such a finding does not end our analysis of the issue. On appeal, defendant does not argue that the error was outcome-determinative; instead, he argues that the error "encouraged the jury to base its verdict on sympathy." However, under the standard of review that our Supreme Court has instructed us to employ, "[a] preserved error in the admission of evidence does not warrant reversal unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *Burns*, 494 Mich at 110. Defendant having chosen a different tact in his argument has conceded that he cannot establish that it is more probable than not that the error was outcome-determinative because the prosecution presented sufficient evidence, excluding the testimony challenged here, that defendant committed a felonious assault. See *Burns*, 494 Mich at 120 (concluding that the erroneous admission of evidence was outcome-determinative when the prosecution failed to present other sufficient evidence of the defendant's guilt); *People v Roscoe*, 303 Mich App 633; 846 NW2d 402 (2014) (concluding that the erroneous admission of evidence was not outcome-determinative when the prosecution presented sufficient evidence from which the jury could convict the defendant). Thus, defendant is not entitled to relief on this basis because defendant has not established that it is more probable than not that the trial court's error was outcome-determinative.

Defendant next argues that the trial court abused its discretion by allowing Officer Knapp to testify about an extra magazine not involved in the incident because the extra magazine was not relevant.

Officer Knapp testified that when she recovered the handgun involved in the assault from defendant's apartment, the handgun was equipped with a partially full magazine and had a round in the chamber. She found the extra magazine next to the gun. After the prosecution moved to admit a photograph of the extra magazine, defense counsel stated, "For clarification, she said that's

the extra magazine, so it's not the one that was in the weapon at issue here and the bullets." On voir dire, defense counsel asked Officer Knapp, "They were [sic] the extra magazine, correct? That's what you just said?" Officer Knapp agreed that that's what she said. When this testimony was admitted, there was no record evidence making it plain or obvious that the extra magazine was not relevant to the issues before the jury. Officer Knapp's reference to the magazine as an "extra magazine" did not, in and of itself, inform the trial court that the magazine was not involved in the felonious assault. Hence, because the lack of relevance was not clear to the trial court when the testimony was admitted, we find no error requiring reversal. Even assuming it was plain error to admit the testimony we cannot find that defendant has established the plain error affected his substantial rights. *Carines*, 460 Mich at 763.

To the extent that defendant's issue pertaining to the admission of the extra magazine testimony also raised an issue with the admission of a photograph of the extra magazine, defendant has not established that the trial court abused its discretion. When the prosecution moved for admission of the photograph, defendant argued that "extra magazine" meant that it was "not the one that was in the weapon at issue here," but there was no record evidence that the extra magazine was not involved in the felonious assault in some manner. The trial court overruled defendant's relevance objection without inquiring of the prosecution, as the proponent of the challenged evidence, what relevance the photograph of the extra magazine had. Based upon the record before the trial court at the time that it overruled defendant's relevance objection, it is not apparent that the decision fell outside the range of reasonable and principled outcomes because "a trial court's decision on a close evidentiary question cannot, by definition, qualify as an abuse of discretion." *Smith*, 336 Mich App at 106. Defendant has not established that the trial court abused its discretion by admitting the photograph of the extra magazine. Even assuming plain error relative to the introduction of the photograph, defendant has not established that the error was outcome-determinative for the reasons previously stated in this opinion.

Defendant next argues that he was denied his due-process right to a fair trial because the prosecutor committed prosecutorial misconduct by questioning Worrell and Watson regarding homosexuality and homophobia, which interjected into the case an issue broader than defendant's guilt or innocence, and by stating during closing argument that defendant pointed the gun at Watson, which was not supported by the evidence.

This Court reviews unpreserved claims of prosecutorial misconduct for plain error. *People v Isrow*, 339 Mich App 522, 529; 984 NW2d 528 (2021). As we have discussed, "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Carines*, 460 Mich at 763. A plain error affects a defendant's substantial rights when the error affected the outcome of the trial court proceedings. *Id*. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. (quotation marks and citation omitted). Even when plain error is found, unpreserved claims of prosecutorial misconduct do not warrant reversal "where a curative instruction could have alleviated any prejudicial effect." *People v Callon*, 256 Mich App 312, 329-330; 662 NW2d 501 (2003).

"[T]he test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). "A defendant's opportunity for a fair trial can be jeopardized when the prosecutor interjects issues broader than the defendant's guilt or innocence." *Id*. at 63-64. Claims of prosecutorial misconduct "are decided case by case, and this Court must examine the entire record to evaluate a prosecutor's remarks in context." *Id*. at 64. This Court evaluates a prosecutor's comments "in light of defense arguments and the relationship the comments bear to the evidence admitted at trial." *Id*. A claim of prosecutorial misconduct "cannot be predicated on good-faith efforts to admit evidence." *People v Noble*, 238 Mich App 647, 660-661; 608 NW2d 123 (1999).

On appeal, defendant argues that perceived homophobia was not relevant to the issues before the jury, and the prosecution therefore committed misconduct by interjecting into the case an issue broader than defendant's guilt or innocence. With respect to the prosecution's questioning of Worrell, the prosecution asked Worrell: "Was there anything about the 'girlfriend' comment that struck you?" Worrell answered, "Bigotry of one of [sic] an indifference towards someone else's appearance. It was very clear that Paul is a man, a male. And at the time, it was still as apparent. And that—Yeah, that strikes me as an indifference or bigotry." The prosecution argues that this testimony was relevant to the third element of felonious assault: whether Worrell feared an imminent battery when defendant pointed the gun at Worrell. Even if the testimony was of marginal relevance, "prosecutorial misconduct cannot be predicated on good-faith efforts to admit evidence." *Id*. at 660. While this line of questioning strikes us as highly questionable, we cannot find that the prosecutor committed plain error. Even if we were to assume this line of questioning was plain error, we would again conclude that defendant has failed to meet his burden of establishing grounds for reversal. Simply stated, the evidence presented in this trial was overwhelming.

Even assuming bad faith on the part of the prosecutor, defendant has not established plain error relative to his claim that the prosecution committed misconduct by questioning Watson about perceived homophobia. The third element of felonious assault focuses on the defendant's "intent to injure or place the victim in reasonable apprehension of an immediate battery." *Nix*, 301 Mich App at 205. A defendant's intent can be inferred from his words. *People v Hawkins*, 245 Mich App 439, 458; 628 NW2d 105 (2001). Under MRE 701, a lay witness may "testify about opinions and inferences that are '(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.' " *People v McLaughlin*, 258 Mich App 635, 657; 672 NW2d 860 (2003), quoting MRE 701. Watson's opinion of defendant's intent or frame of mind during the altercation was based on Watson's perception of defendant's comments. Watson's perception could be helpful to the jury's determination of defendant's intent because whether defendant was homophobic could make it more likely that defendant intended to make Worrell, a gay man, fear an immediate battery. Even if this testimony is of marginal relevance, "prosecutorial misconduct cannot be predicated on good-faith efforts to admit evidence." *Id*. at 660. Defendant has not established that the prosecution acted in bad faith when it elicited testimony from Watson regarding his perception of defendant's comments, and we are unable to find any record evidence to support that the prosecution acted in bad faith. Thus, defendant is not entitled to relief on this basis.

Defendant next argues that the prosecution committed prosecutorial misconduct by stating during closing argument that defendant pointed the gun at Watson, which was not supported by the evidence presented at trial and was not relevant.

During closing argument, the prosecution argued that defendant "pointed [the gun] in a [sic] direction of [Watson] who was in the house." Contrary to defendant's assertions on appeal, this argument was supported by the record evidence. Worrell testified that after defendant pointed the gun at Worrell, defendant waved the gun toward Worrell and Watson's apartment window. He further testified that as defendant put the gun down, the gun was pointed in the direction of Watson, who was still inside of Worrell and Watson's apartment. The prosecution's argument, that defendant "pointed [the gun] in a [sic] direction of [Watson] who was in the house," was an accurate summary of the testimony provided by Worrell. Further, the prosecution "has wide latitude and may argue the evidence and all reasonable inferences from it" and "need not confine argument to the blandest of all possible terms . . . ." *People v Aldrich*, 246 Mich App 101, 112; 631 NW2d 67 (2001) (quotation marks and citation omitted). Defendant has not established plain error because the prosecution's argument was an accurate recitation of the testimony elicited at trial and, therefore, does not amount to prosecutorial misconduct.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Stephen L. Borrello
/s/ Noah P. Hood