*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANTHONY LAMONT WEATHERSPOON,

Defendant-Appellant.

UNPUBLISHED
May 16, 2025
10:37 AM

No. 366732
Oakland Circuit Court
LC No. 2022-281353-FC

Before: GADOLA, C.J., and MURRAY and REDFORD, JJ.

PER CURIAM.

Defendant appeals as of right his convictions, following a jury trial, of armed robbery, MCL 750.529; carrying a firearm (a pneumatic gun) during the commission of a felony (felony-firearm), MCL 750.227b(2); and being a felon in possession of ammunition (felon in possession of ammunition), MCL 750.224f(3), for which he was sentenced as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 12 to 30 years for the armed robbery conviction, and 51 days (time served) for the felon in possession of ammunition conviction, to be served consecutively to a two-year term of imprisonment for the felony-firearm conviction. We affirm defendant's convictions, but remand for resentencing.

## I. MISSING WITNESS

Defendant first argues that he is entitled to a new trial on the basis of the prosecutor's conduct and ineffective assistance of counsel related to a missing witness, Courtemanche, who was listed on the prosecution's witness list in accordance with MCL 767.40a(3), and not produced at trial or properly excused.

-1-

## A. PROSECUTOR'S CONDUCT

Defendant characterizes the prosecution's failure to make Courtemanche available at trial as prosecutorial misconduct requiring reversal.[1] "In order to preserve an issue of prosecutorial misconduct, a defendant must contemporaneously object and request a curative instruction." *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Defense counsel requested the missing witness instruction, M Crim JI 5.12, as a result of the prosecutor's failure to produce Courtemanche, but defense counsel did not argue that the prosecutor engaged in misconduct by failing to do so. Therefore, we review this unpreserved prosecutorial misconduct argument for plain error affecting defendant's substantial rights. *People v Roscoe*, 303 Mich App 633, 648; 846 NW2d 402 (2014). An error is plain if it is "clear or obvious." *People v Carines*, 460 Mich 750, 752-753, 763; 597 NW2d 130 (1999). "Substantial rights are affected when the defendant is prejudiced, meaning the error affected the outcome of the trial." *People v Jones*, 297 Mich App 80, 83; 823 NW2d 312 (2012). We will not reverse if the alleged prejudicial effect of the prosecutor's conduct could have been cured by a timely instruction. *People v Watson*, 245 Mich App 572, 586; 629 NW2d 411 (2001).

A prosecutor's obligation to identify and secure witnesses is governed by MCL 767.40a. MCL 767.40a(3) provides that within 30 days of trial, the prosecutor "shall send to the defendant . . . a list of the witnesses the prosecuting attorney intends to produce at trial." "A prosecutor who endorses a witness under MCL 767.40a(3) is obliged to exercise due diligence to produce that witness at trial." *People v Eccles*, 260 Mich App 379, 388; 677 NW2d 76 (2004). "The prosecuting attorney may add or delete from the list of witnesses he or she intends to call at trial at any time upon leave of the court and for good cause shown or by stipulation of the parties." MCL 767.40a(4). "If the prosecution fails to produce a witness who has not been properly excused, the trial court has discretion in fashioning a remedy for the violation of MCL 767.40a, which may include a missing witness instruction." *People v Everett*, 318 Mich App 511, 519; 899 NW2d 94 (2017). The missing witness instruction allows the jury to infer that the missing witness's testimony would have been unfavorable to the prosecution's case. *Id*. at 527; M Crim JI 5.12.

Defendant has failed to establish plain error affecting his substantial rights. The prosecution made several unsuccessful attempts to serve Courtemanche. However, as the trial court found, the prosecutor failed to comply with MCL 767.40a by seeking to delete Courtemanche from the prosecution's witness list. As a result, the trial court granted defendant's request for the missing witness instruction, M Crim JI 5.12, which has been recognized as an appropriate remedy. *Everett*, 318 Mich App at 519. The trial court's instructions were sufficient to dispel any possible prejudice and to protect defendant's substantial rights, *People v Long*, 246 Mich App 582, 588; 633 NW2d 843 (2001), as juries are presumed to have followed their instructions, *People v*

---

[1] "[A]lthough the term 'prosecutorial misconduct' has become a term of art often used to describe any error committed by the prosecution, claims of inadvertent error by the prosecution are better and more fairly presented as claims of 'prosecutorial error,' with only the most extreme cases rising to the level of 'prosecutorial misconduct.' " *People v Jackson (On Reconsideration)*, 313 Mich App 409, 425 n 4; 884 NW2d 297 (2015) (quotation marks and citation omitted).

*Breidenbach*, 489 Mich 1, 13; 798 NW2d 738 (2011). Defendant has not presented any basis for overcoming the presumption that the jury followed this instruction, or that the instruction was inadequate to remedy the prosecution's failure to properly excuse Courtemanche.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

In a related issue, defendant argues that defense counsel was ineffective for failing to request an adjournment to provide additional time to serve Courtemanche. "Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Solloway*, 316 Mich App 174, 187-188; 891 NW2d 255 (2016). We review for clear error a trial court's factual findings, and questions of constitutional law are reviewed de novo. *People v Shaw*, 315 Mich App 668, 671-672; 892 NW2d 15 (2016). "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Id*. The effective assistance of counsel is presumed, and the burden is on the defendant to establish the contrary. *Roscoe*, 303 Mich App at 644. A defendant also has the burden of establishing the factual predicate for the ineffective assistance of counsel claim. *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014).

Decisions regarding whether to seek an adjournment, and what evidence to present are matters of trial strategy, *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999), and counsel has wide discretion in those matters, *People v Heft*, 299 Mich App 69, 83; 829 NW2d 266 (2012). We will not substitute our judgment for that of counsel regarding matters of trial strategy, nor will we assess counsel's competence with the benefit of hindsight. *People v Rice (On Remand)*, 235 Mich App 429, 445; 597 NW2d 843 (1999). However, while deference is given to counsel's strategic decisions, "a court cannot insulate the review of counsel's performance by calling it trial strategy; counsel's strategy must be sound, and the decisions as to it objectively reasonable." *People v Ackley*, 497 Mich 381, 388-389; 870 NW2d 858 (2015) (quotation marks and citation omitted).

Defendant has not overcome the presumption that defense counsel's decision to request a missing witness instruction, in lieu of seeking an adjournment, was sound trial strategy. Defense counsel was certainly aware (1) of Courtemanche as a potential prosecution witness; (2) that Courtemanche was not cooperating with being served; and, as defendant testified, (3) that Courtemanche did not witness any part of the episode between defendant, Williams, and Mayer that formed the basis of the armed robbery and felony-firearm charges against defendant. Given this information, defense counsel's decision to address Courtemanche's absence by requesting the missing witness instruction was objectively reasonable and sound. The instruction allowed the jury to infer that Courtemanche's testimony would have been unfavorable to the prosecution's case, *Everett*, 318 Mich App at 527, and defense counsel could have reasonably determined that such an inference would be more helpful to the defense than placing the testimony of Courtemanche—an endorsed prosecution witness—before the jury.

Furthermore, defendant has not provided a witness affidavit, or identified any other evidence of record, showing that Courtemanche would have testified at trial, and what favorable testimony Courtemanche would have provided. Absent such a showing, defendant cannot establish that he was prejudiced by defense counsel's handling of Courtemanche's absence from trial. *Nix*, 301 Mich App at 207. Defendant has not established that he was denied the effective assistance of counsel.

## II. SCORING OF OFFENSE VARIABLES 1 AND 2

Next, defendant argues that the trial court erred when it assessed 15 points for offense variable (OV) 1 (aggravated use of a weapon), and one point for OV 2 (lethal potential of weapon possessed or used), because a pneumatic gun is not included in the definition of a "firearm" for purposes of scoring these two variables. The prosecution concedes, and we agree, that the trial court's 15-point scoring error for OV 1 entitles defendant to be resentenced.

To preserve a challenge to the scoring of the sentencing guidelines, the challenge must be raised at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in this Court. MCL 769.34(10); MCR 6.429(C); *People v Clark*, 315 Mich App 219, 223-224; 888 NW2d 309 (2016). Although defendant objected to the trial court's scoring of OVs 1 and 2 at sentencing, defendant did so on a ground different from what is advanced on appeal, i.e., that the pellet gun was inoperable. Accordingly, defendant has failed to preserve the issue for appeal. *People v Chelmicki*, 305 Mich App 58, 69; 850 NW2d 612 (2014). We review defendant's unpreserved challenges to the trial court's scoring of OVs 1 and 2 for plain error affecting defendant's substantial rights. *Carines*, 460 Mich 763-764.

OV 1 considers the aggravated use of a weapon. MCL 777.31(1). As applicable here, MCL 777.31(1)(c) directs a score of 15 points if a "firearm was pointed at or toward a victim . . . ." MCL 777.31(1)(c). Although MCL 777.31 does not define "firearm," MCL 8.3t does, and provides, "The word 'firearm', except as otherwise specifically defined in statute, includes any weapon which will, is designed to, or may readily be converted to expel a projectile by action of an explosive." In contrast, a pneumatic gun does not propel a projectile by action of an explosive, it propels the projectile with a spring, compressed gas, or compressed air. See, e.g., MCL 123.1101(d) (defining a "pneumatic" gun as "any implement, designed as a gun, that will expel a BB or pellet by spring, gas, or air"). Consequently, as the prosecution concedes, because a pneumatic gun does not fall within the definition of a "firearm," defendant's act of pointing a pneumatic gun at Williams during the offense of armed robbery did not support the trial court's 15-point score for OV 1.

This scoring error entitles defendant to be resentenced. Armed robbery is a class A offense, MCL 777.16y, governed by the sentencing grid at MCL 777.62. Defendant received a total OV score of 31 points, placing him in OV Level II (20 to 39 points), and a PRV score of 135 points, placing him in PRV Level F (75+ points). These scores resulted in a sentencing guidelines range of 126 to 420 months for a fourth-offense habitual offender, MCL 777.62; MCL 777.21(3)(c), and the trial court sentenced defendant within this range to a minimum term of 144 months. The additional 15 points for OV 1 increased defendant's total OV score from 16 points to 31 points, which placed him in OV Level II instead of OV Level I (0 to 19 points), resulting in a higher guidelines range. The guidelines range for the F-I cell is 108 to 360 months for a fourth-offense

habitual offender. MCL 777.62; MCL 777.21(3)(c). Because this scoring error affects the guidelines range under which defendant was sentenced, resentencing is required.[2] See *People v Francisco*, 474 Mich 82, 88-90, 92; 711 NW2d 44 (2006).

## III. DEFENDANT'S STANDARD 4 BRIEF

Defendant raises two additional issues in a pro se supplemental brief filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4. Neither have merit.

## A. INEFFECTIVE ASSISTANCE OF COUNSEL

An ineffective assistance of counsel argument is preserved "by moving in the trial court for a new trial or an evidentiary hearing," *People v Head*, 323 Mich App 526, 538-539; 917 NW2d 752 (2018), or by moving in this Court to remand for an evidentiary hearing, *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020). Because defendant failed to raise that his counsel was ineffective for failing to communicate a plea offer that included a *Killebrew*[3] agreement in a motion for a new trial or request an evidentiary hearing, or by moving to remand in the court for an evidentiary hearing, our review is limited to mistakes apparent on the record. *Heft*, 299 Mich App at 80.

A defense counsel may be ineffective for failing to inform a defendant of a plea offer. *People v Walker*, 328 Mich App 429, 433; 938 NW2d 31 (2019). However, the record belies defendant's assertion that defense counsel failed to convey the prosecution's plea offer. In fact, it shows just the opposite: the prosecution placed on the record that it had offered a plea with a *Killebrew* agreement but that defendant had rejected it. Defense counsel confirmed this on the record, and defendant, who was present at the hearing, made no contrary assertions. Thus, defendant has not established the factual predicate for his argument. *Douglas*, 496 Mich at 592.

## B. INCORRECT JUDGMENT OF SENTENCE

Finally, defendant argues that he is entitled to resentencing because the judgment of sentence is inconsistent with the sentence that the trial court orally imposed at the sentencing hearing, which, according to defendant, was for "a total of 12 years." Because defendant did not file a motion to correct an invalid sentence in the trial court, or in a motion to remand raising this issue, we review it for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763-764.

---

[2] We decline to address defendant's challenge to OV 2, because the one-point score, even if incorrect, has no effect on the proper guidelines range. *People v Baskerville*, 333 Mich App 276, 302; 963 NW2d 620 (2020). We also decline to address defendant's alternative argument that his 12-year within-guidelines minimum sentence for armed robbery is disproportionate, and therefore, unreasonable.

[3] *People v Killebrew*, 416 Mich 189; 330 NW2d 834 (1982).

The record clearly reveals that the judgment of sentence is consistent with the sentence imposed at sentencing. The judgment of sentence indicates that defendant was sentenced to 12 to 30 years' imprisonment for the armed robbery conviction, and a consecutive two-year term of imprisonment for the felony-firearm conviction. At the sentencing hearing, the trial court stated as follows when imposing defendant's sentence:

> It is the sentence of the Court on count one, *armed robbery, habitual fourth, I'm sentencing you to 12 years* in the Michigan Department of Corrections, not to exceed 30 years. You have 51 days of jail credit.
>
> On count two, *the two-year statutory required time* for the felony firearm . . . .
>
>                     \*    \*    \*
>
> . . . Count one and two *are consecutive* for the felony firearm statute. [Emphasis added.]

Accordingly, there was no error, let alone plain error, regarding defendant's judgment of sentence as compared to the trial court's oral imposition of sentence.

We affirm defendant's convictions, but remand for resentencing. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ James Robert Redford